UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JENNIFER S.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

**DECISION AND ORDER**

1:23-CV-0009 EAW

---

## INTRODUCTION

Represented by counsel, plaintiff Jennifer S. ("Plaintiff") brings this action pursuant to Title II of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g).

Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 11; Dkt. 12), and Plaintiff's reply (Dkt. 13). For the reasons discussed below, Plaintiff's motion (Dkt. 11) is granted in part, the Commissioner's motion (Dkt. 12) is denied, and the case is remanded for further administrative proceedings.

## BACKGROUND

Plaintiff protectively filed her applications for DIB and SSI on October 1, 2013. (Dkt. 5 at 28, 205-206).[1] In her applications, Plaintiff alleged disability beginning January 1, 2013. (*Id.* at 28, 205). Plaintiff's applications were initially denied on February 10, 2014. (*Id.* at 28, 120-25). At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") Susan Smith in Buffalo, New York, on April 5, 2016. (*Id.* at 28, 55-96). On May 31, 2016, the ALJ issued an unfavorable decision. (*Id.* at 26-49). Plaintiff requested Appeals Council review; her request was denied, and Plaintiff appealed the decision to the United States District Court for the Western District of New York. The matter was remanded by this Court for further administrative proceedings on June 5, 2019. (*Id.* at 651).

A second hearing was held before ALJ Timothy McGuan on January 30, 2020. (Dkt. 5 at 578-600). An unfavorable decision was issued on February 13, 2020. (*Id.* at 559-70). Plaintiff again appealed the decision to the United States District Court for the Western District of New York and on August 6, 2021, the parties stipulated that the case be remanded to the Commissioner for further administrative proceedings. (Dkt. 6 at 805).

On January 3, 2022, ALJ William Weir held a third hearing by telephone. (*Id.* at 719, 742-776). The ALJ issued an unfavorable decision on September 7, 2022. (*Id.* at 719-732). This action followed.

---

[1] When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

## LEGAL STANDARD

I. **District Court Review**

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

II. **Disability Determination**

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in

substantial gainful work activity. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id*. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. §§ 404.1520(d), 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id*. §§ 404.1509, 416.909, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id*. §§ 404.1520(e), 416.920(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id*. §§ 404.1520(f), 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. §§ 404.1520(g), 416.920(g). To do so, the Commissioner must present evidence to

demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience.  *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520 and 416.920.  Initially, the ALJ determined that Plaintiff meets the insured status requirements of the Act through June 30, 2017.  (Dkt. 6 at 722).  At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since January 1, 2013, the alleged onset date.  (*Id*.).

At step two, the ALJ found that Plaintiff suffered from the severe impairments of: degenerative disc disease, lumbar radiculopathy, myofascial pain syndrome, hypothyroidism, morbid obesity, bipolar disorder, and anxiety disorder.  (*Id.*).  The ALJ further found that Plaintiff's medically determinable impairment of acid reflex was non-severe.  (*Id*.).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing. (*Id*.).  The ALJ particularly considered the criteria of Listings 1.15, 9.00, 12.04, and 12.06 in reaching his conclusion.  (*Id.* at 722-24).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that she could perform:

> no work above shoulder level with the dominant right hand/arm; not work in tandem; and not work in an environment where she would be in close proximity to other people such that she could feel or smell their breath or smell their body odor. [Plaintiff] is also limited to simple, repetitive one-to-two step tasks; no complex work, meaning work involving multiple simultaneous goals or objectives or the need to independently set quality, quantity, or methods standards; and occasional interaction with co-workers, supervisors, and the general public, with the supervisor interaction extending to frequent interaction for a 30-day orientation/training period.

(*Id.* at 725). At step four, the ALJ found that Plaintiff had no past relevant work. (*Id.* at 731).

At step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of housekeeper and small products assembler. (*Id.* at 731-32). Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act. (*Id.* at 732).

II. **Remand of This Matter for Further Proceedings is Necessary**

Plaintiff asks the Court to reverse or, in the alternative, remand this matter to the Commissioner, arguing: (1) the ALJ failed to properly assess the medical opinion evidence; (2) the ALJ improperly relied on his own non-medical lay opinion in crafting Plaintiff's RFC; and (3) the ALJ failed to resolve a conflict between the testimony of the VE and the DOT. (*See* Dkt. 11-1 at 17-35). For the reasons explained below, remand for further

administrative proceedings is required.

### A.     Conflict Between the VE's Testimony and the DOT

Plaintiff argues that the RFC limitation restricting her to no overhead reaching with her dominant right hand conflicts with the DOT's description for the positions identified by the VE, triggering the ALJ's duty to address and resolve the apparent conflict. On these facts, the Court agrees.

At step five of the sequential analysis, "[t]he Commissioner may rely on a vocational expert's testimony concerning the availability of jobs suited to a hypothetical person's capabilities so long as the hypothetical is based on substantial evidence." *Mancuso v. Astrue*, 361 F. App'x 176, 179 (2d Cir. 2010). However, "[i]f a hypothetical question does not include all of a claimant's impairments, limitations and restrictions, or is otherwise inadequate, a vocational expert's response cannot constitute substantial evidence to support a conclusion of no disability." *Melendez v. Astrue*, 630 F. Supp. 2d 308, 319 (S.D.N.Y. 2009) (quotation omitted). Accordingly, in assessing the adequacy of the hypothetical questions posed to a VE, the Court will find error "where there was no evidence to support the assumption underlying the hypothetical." *Santos v. Astrue*, 709 F. Supp. 2d 207, 211 (S.D.N.Y. 2010) (quoting *Dumas v. Schweiker*, 712 F.2d 1545, 1554 (2d Cir. 1983)). "[A]lthough vocational experts customarily offer three jobs that a claimant perform as part of their testimony, the ALJ does not have a corresponding duty to find that each of the three jobs offer significant numbers of jobs in the national economy: one

occupation is sufficient." *Angi W. v. Comm'r of Soc. Sec.*, No. 21-CV-0557 (CJS), 2023 WL 2595008, at *11 (W.D.N.Y. Mar. 22, 2023).

A conflict between the VE's testimony and the RFC "necessarily arises if the VE proposes a job whose duties, obligations or requirements, as described by another reliable source of job information, exceeds Plaintiff's RFC limitations." *Lance P. v. Comm'r of Soc. Sec.*, No. 21-CV-06123-FPG, 2023 WL 2573321, at *2 (W.D.N.Y. Mar. 20, 2023). Where such a conflict arises, the ALJ has an affirmative obligation to identify and resolve the apparent conflict. *Id.* ("Once a conflict between the VE's testimony and the RFC has been made apparent on the record either by reference to the DOT or common sense, the ALJ is obligated to probe the VE further, elicit a reasonable explanation for the conflict, and reconcile the conflict. . . . If the ALJ does not so probe, then the ALJ's reliance on the VE's testimony with respect to that job is not supported by substantial evidence." (citations omitted)). As explained by the Second Circuit:

> A 2000 Social Security Administration Policy Interpretation Ruling (the "Ruling") governs the Commissioner's assessment of whether any particular job can accommodate a given claimant's physical limitations. Under the Ruling, the Commissioner "rel[ies] primarily on the [Dictionary]. . . for information about the [job's] requirements" but "may also use [vocational experts]. . . to resolve complex vocational issues." SSR 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000). If the Commissioner does consider the testimony of such experts, however, she must be alert to the possibility of "apparent unresolved conflict[s]" between the testimony and the Dictionary. *Id.* In light of this possibility, the Ruling tasks the Commissioner with "an affirmative responsibility to ask about any possible conflict," *id.* at *4, and

to "elicit a reasonable explanation for [any such] conflict before relying on the [vocational expert's testimony]," *id.* at *2.

*Lockwood v. Comm'r of Soc. Sec.*, 914 F.3d 87, 92 (2d Cir. 2019) (citation omitted).

Here, at the hearing, the VE was presented with a hypothetical individual who had no restrictions on the non-dominant hand and arm, and no limitations below shoulder level for the dominant hand. (Tr. 6 at 771). The VE identified the positions of housekeeper (DOT #323.687-014) and small products assembler (DOT #706.684-022) as positions that could be performed with those limitations, notwithstanding that both positions require frequent reaching. *See Cleaner, Housekeeping*, 1991 WL 672783 (Jan. 1, 2016) ("Reaching: Frequently-Exists from 1/3 to 2/3 of the time"); *Assembler, Small Products I*, 1991 679050 (Jan. 1, 2016) ("Reaching: Frequently-Exists from 1/3 to 2/3 of the time"). The Social Security Administration defines reaching as "extending the <u>hands</u> and <u>arms</u> in any direction." SSR 85-15, 1985 WL 56857, at *7 (emphasis added). Social Security Ruling 85-15 explains that that "[s]ignificant limitations of reaching or handling, therefore, may eliminate a large number of occupations a person could otherwise do," because "[v]arying degrees of limitations would have different effects, and the assistance of a VS may be needed to determine the effects of the limitations." *Id.*

Plaintiff cites *Lockwood v. Comm'r of Soc. Sec.*, 914 F.3d 87, 92-94 (2d Cir. 2019) in support of her argument that there existed an apparent conflict triggering the ALJ's duty to elicit an explanation to reconcile the potential inconsistency. In *Lockwood*, the ALJ crafted an RFC that required Plaintiff to avoid all overhead reaching tasks and the VE identified three jobs that required occasional or frequent reaching. The Second Circuit held

that the reaching requirements of the identified positions created an apparent inconsistency that required the ALJ to probe the conflict before he could be permitted to rely on the VE's testimony. *Id.* at 92. The Commissioner argues that the present case is distinguishable from *Lockwood* because in that case, the plaintiff's reaching limitation was bilateral and here, Plaintiff's RFC limited work above the shoulder level with only the right (dominant) arm. Instead, the Commissioner contends that the Second Circuit's holding in *Colvin v. Berryhill,* 734 F. App'x 756 (2d Cir. 2018), warrants a conclusion that no conflict existed. In *Colvin*, the plaintiff—who was missing "the distal tips of three fingers on his left hand"—argued that there was a facial conflict between the RFC finding, which concluded that he could not perform any fingering or more than occasional handling with his left hand, and the definitions of the relevant occupational titles identified by the VE, which required frequent handling or constant fingering. *Id.* at 759. The Second Circuit explained that there was no conflict, because the definitions did "not state that a worker must be able to perform such handling or fingering with both hands, specifically, with a non-dominant hand as well as a dominant hand." *Id.* So too here, the Commissioner contends that no conflict exists where nothing in the definition of the identified jobs indicates that the worker be required to perform reaching with both arms.

But here, particularly because unlike *Colvin*, the limitation at issue involves reaching with a dominant arm, the Court finds persuasive the reasoning of other courts that have concluded that in order "to perform a job that involves 'occasional' reaching, the claimant must also be able to 'occasionally' reach overhead," and a limitation precluding reaching overhead with one arm presents a conflict with such a position. *Spellman v.*

*Kijakazi*, No. 20-CV-5962(EK), 2023 WL 6121779, at *6 (E.D.N.Y. Sept. 19, 2023) ("The ALJ did not explain why Spellman, who could 'never' reach overhead with his right arm, can perform a job requiring 'occasional' overhead reaching."); *see also Andrew M. v. Comm'r of Soc. Sec.*, No. 23-CV-6149DGL, 2024 WL 78447, at *3 (W.D.N.Y. Jan. 8, 2024) ("Given that the DOT defines 'reaching' as the ability to extend both the 'hands' (plural) and 'arms' (plural), 'in any direction,' I concur that a DOT job description that requires 'frequent reaching' presents an apparent conflict with an RFC that includes less-than-frequent reaching limitations by one or both hands or arms, in any direction."); *Rodrick T. v. Kijakazi*, No. 22-CV-6482DGL, 2023 WL 6647976, at *3 (W.D.N.Y. Oct. 12, 2023) (finding conflict between RFC determination limiting plaintiff to no more than occasional reaching overhead with his right upper extremity and DOT jobs identified by the VE that required an ability to frequently reach); *Ronald S. v. Kijakazi*, No. 20-CV-1656L, 2023 WL 21222, at *2 (W.D.N.Y. Jan. 3, 2023) (holding that conflict existed where plaintiff was limited to occasional reaching above shoulder with dominant arm and VE identified two jobs requiring frequent reaching); *but see Peter L. v. Comm'r of Soc. Sec.*, No. 1:21-CV-00341, 2024 WL 150098, at *4 (W.D.N.Y. Jan. 12, 2024) (finding no conflict because "the DOT does not indicate that the identified jobs require the ability to frequently reach with both arms"); *Tafazwa S. v. Comm'r of Soc. Sec.*, No. 1:22-CV-10736-GRJ, 2023 WL 6390625, at *6 (S.D.N.Y. Oct. 1, 2023) ("[T]here is no apparent or actual conflict with the DOT because (a) the ALJ did not assess any limitation in Plaintiff's ability to reach

with her left upper extremity and (b) there is nothing in the DOT to indicate that the representative occupations require frequent reaching with *both* upper extremities.").[2]

In light of the existence of an apparent conflict, it was incumbent upon the ALJ to fulfill his duty to resolve it.  Here, the Commissioner does not even argue that the ALJ did so.  While the ALJ generally confirmed that the VE's testimony was consistent with the DOT, the potential conflict concerning Plaintiff's inability to reach overhead with her dominant arm and still perform the identified jobs was not sufficiently or meaningfully addressed.  *See Reilly v. Comm'r of Soc. Sec.*, No. 21-8-CV, 2022 WL 803316, at *2 (2d Cir. Mar. 17, 2022) ("The ALJ specifically asked about both potential conflicts and the vocational expert provided explanations that included an analysis based on his own expertise and labor market surveys he conducted."); *Roderick R. v. Comm'r of Soc. Sec.*, No. 1:21-CV-00577-TPK, 2023 WL 3642035, at *7 (W.D.N.Y. May 25, 2023) ("Can a person who can reach overhead frequently with only one arm do such tasks as required in a typical workday?  Perhaps.  But the record here does not contain an adequate basis for the ALJ's determination that Plaintiff could still do either that job or the other two jobs identified by the expert which also require frequent reaching.  Simply put, the ALJ needed

---

[2] The Commissioner relies on *Makeda T. v. Comm'r of Soc. Sec.*, No. 6:20-CV-06867 EAW, 2022 WL 4462237, at *7 (W.D.N.Y. Sept. 26, 2022), for the argument that there is no conflict, but that case is distinguishable.  Notably, the issue in *Makeda* was a limitation on lifting and not overhead reaching, as in the instant case.  Moreover, in *Makeda,* the ALJ also identified two additional jobs that the plaintiff was capable of performing, and the Court noted that the Commissioner need only identify one job.  *Id.*; s*ee Bavaro v. Astrue*, 413 F. App'x 382, 384 (2d Cir. 2011) ("The Commissioner need show only one job existing in the national economy that Bavaro can perform.").  Here, the VE only identified two positions in total, and both require frequent reaching.

to explore this question further in order to fulfill her duty to conduct a 'meaningful investigatory effort.' Consequently, a remand for further proceedings is required.").

Accordingly, having concluded that a conflict existed that was not reconciled by the ALJ, substantial evidence does not support reliance on the testimony of the VE. Remand is therefore warranted.

### B. Plaintiff's Remaining Arguments

As set forth above, Plaintiff has identified additional reasons why she contends the ALJ's decision was not supported by substantial evidence. However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary, the Court declines to reach these issues. *See, e.g., Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016 WL 7017395, at *10 (N.D.N.Y. Dec. 1, 2016) (declining to reach arguments "devoted to the question whether substantial evidence supports various determinations made by [the] ALJ" where the court had already determined remand was warranted); *Morales v. Colvin*, No. 13cv06844 (LGS) (DF), 2015 WL 13774790, at *23 (S.D.N.Y. Feb. 10, 2015) (the court need not reach additional arguments regarding the ALJ's factual determinations "given that the ALJ's analysis may change on these points upon remand"), *adopted*, 2015 WL 2137776 (S.D.N.Y. May 4, 2015).

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Dkt. 11) is granted to the extent that the matter is remanded for further administrative proceedings, and the Commissioner's motion for judgment on the pleadings (Dkt. 12) is denied.

SO ORDERED.

                                                                                           _____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:      February 5, 2024
              Rochester, New York